[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 18, 1992 Date of Application June 18, 1992 Date Application Filed June 19, 1992 Date of Decision May 24, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Beth Merkin, Esq. Defense Counsel, for Petitioner.
Robert O'Brien, Esq. Assistant State's Attorney, for the State.
MEMORANDUM OF DECISION
BY THE DIVISION
After trial by jury, petitioner was convicted of murder in violation of Connecticut General Statutes § 53a-54 and a sentence of forty-five years was imposed.
The facts underlying petitioner's conviction indicate that he beat to death a sixty-four year old male with whom petitioner had previously worked. Alcohol probably played a part in the crime.
Petitioner's attorney requested that the sentence be modified. She stated that the crime itself was difficult to explain as was petitioner's involvement. It was pointed out CT Page 6713 that his presentence investigation was good, although he did have a minor criminal violation. No aggravating factors existed except for the victim's age, and no deadly weapons were involved. The attorney also pointed out that petitioner returned to the scene of the crime voluntarily and cooperated with police.
Petitioner's attorney stated that the state recommended a sentence of twenty-five to thirty years at the time of sentencing. She indicated that a sentence in this area would be much more appropriate than the one imposed.
Speaking on his own behalf, petitioner stated that he was in the wrong place at the wrong time and would leave any modification up to the Division.
The assistant state's attorney argued against any reduction in sentence. He stressed the vicious beating which was inflicted on the victim and the suffering which the victim underwent prior to death. The attorney also pointed out petitioner's prior record and the fact that he was on probation at the time of this offense. At the time of sentencing, the victim's family requested that the maximum sentence be imposed.
The experienced trial judge who imposed sentence in this matter considered all of the mitigating factors including petitioner's health problems before imposing sentence. The judge considered that the most egregious factor was petitioner causing the death of the victim in such a brutal manner. The sentence imposed was well under the maximum provided by law. It was not inappropriate or disproportionate in the light of the nature of the offense and the need to protect the public interest and deter others from committing crimes of this nature. The sentence also considered the character of the petitioner.
The sentence is affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 6714